IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY GUZMAN,

    Petitioner,

v.                                                 No. CV 14-0425 LH/KBM

ERASMO BRAVO,

    Respondent.

MEMORANDUM OPINION AND ORDER FOR TRANSFER

This matter is before the Court, *sua sponte* under rule 4 of the Rules Governing Section 2254 Cases, for preliminary consideration of Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Also before the Court is Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 3). The Court will grant the motion and will transfer the petition to the Court of Appeals for the Tenth Circuit.

In a previous § 2254 proceeding, *Guzman v. Williams*, No. CV 97-1527 JC/WWD, Petitioner attacked the same state court criminal conviction that is the subject of this proceeding. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (noting that court may take judicial notice of its own records). In the earlier case, Petitioner asserted a number of claims of constitutional error in his state court trial and sentencing. After Petitioner withdrew an unexhausted claim (Doc. 96), the Court dismissed the petition with prejudice on the merits of the remaining claims (Docs. 98, 104). According to the current petition, Petitioner then returned to the state courts to litigate and exhaust his previously unexhausted claim. That effort produced no relief, and he now brings a new § 2254 petition asserting that the state habeas court erred twice by failing to grant relief on his claim of ineffective assistance of counsel. The current petition,

therefore, squarely attacks Petitioner's 1982 conviction and is his second petition.

The petition is not accompanied by an authorizing order from the Court of Appeals for the Tenth Circuit, as required by § 2244(b)(3)(A).  "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the Court of Appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."  *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631.  Although Petitioner brings a previously unexhausted claim, *cf. Reeves v. Little*, 120 F.3d 1136, 1138-39 (10th Cir. 1997), it appears likely that the claim is now barred by the applicable one-year period of limitations.  *See* § 2244(d)(1).  Because the current record, however, does not conclusively demonstrate untimeliness, according to the factors in *Cline* the Court will transfer the petition to the Court of Appeals for the Tenth Circuit.

IT IS THEREFORE ORDERED that Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 3) is GRANTED, and he may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that the Clerk is directed to transfer Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus to the United States Court of Appeals for the Tenth Circuit.

_____
SENIOR UNITED STATES DISTRICT JUDGE